William B. HARRIS, Plaintiff, Defendant in Intervention and Appellant,

v.

Genave H. TANNER, Grace H. McPhie, Bannie H. Durfee, and Grant H. Harris, Defendants and Respondents,

and

James H. Harris, Plaintiff in Intervention and Respondent.

In the Matter of the ESTATE of James Henry HARRIS, also known as James H. Harris, Deceased.

William B. HARRIS, Plaintiff and Appellant,

v.

Grace Harris McPHIE, and Genave Harris Tanner, Co-Executrixes of the Estate of James Henry Harris, Deceased, and Grace Harris McPhie and Genave Harris Tanner, as individuals, Defendants and Respondents.

No. 16810.

Supreme Court of Utah.

Jan. 9, 1981.

E. J. Skeen of Skeen & Skeen, Salt Lake City, for plaintiff, defendant in intervention and appellant.

Hollis S. Hunt and Melvin G. Larew, of Hunt, Larew & Kinateder, Salt Lake City, for defendants and respondents.

TUCKETT, Retired Justice:

This is an appeal from a decision of the District Court of Tooele County in case

numbers C 8326 and C 8984, which were consolidated for trial and which involve the identification of partnership property, an accounting and the winding up of a partnership.

The trial court entered a judgment determining the value of various items of partnership property in the possession of William B. Harris. The court also held that William B. Harris should be required to pay to the personal representatives of James H. Harris, deceased, the value of certain personal property in his possession. The trial court further declared that the affairs of the partnership between William B. and James H. Harris had been terminated and wound up and denied a further accounting and also that William had no further claim against the estate of the former partner, James B. Harris.

The appellant, William B. Harris, is here seeking a reversal and an order from this court remanding the proceedings for further evidence and requiring the personal representatives of the estate of James H. Harris to make an accounting in the matter of the Estate of James H. Harris, pursuant to the probate code, so that William might proceed to regain any property, which was an asset of the partnership and to which he would be entitled to one-half thereof as a surviving partner.

James H. Harris and William B. Harris became partners in a livestock and farming operation in the 1930's. About 1943 James and William entered into a partnership with Wilton Fidler and Merrill Fidler. The Harris-Fidler partnership continued until 1970 when it was dissolved by a decree of the district court. At the time of the dissolution James was nearly 90 years old. A brother and three sisters of William claimed that he had no interest in the land, sheep or other assets of the business and prevented him from carrying on the livestock and farming operation. William filed a suit, case number C 8326, against his brother and sisters to restrain them from interfering in the business and for damages. James intervened claiming ownership of certain lands

which stood in the name of William and for the recovery of certain personal property.

James died in 1975 and probate proceedings upon his estate were initiated. Thereafter, a second action was filed by William against the personal representatives in the estate matter and as individuals, it being C 8984. The two civil cases were consolidated and the probate matter was appended. A trial was had before the Honorable Bryant H. Croft who, following the conclusion thereof, wrote a detailed memorandum decision. By stipulation the memorandum was substituted for findings of fact and conclusions of law.

Judge Croft determined that James and William were partners; that they were equal partners in the Fidler-Harris partnership; that William owned certain land and that other land was owned by the partnership; that certain items of personal property, consisting of farm and livestock equipment, belonged to the partnership. The court determined that the income from the Harris partnership was settled through the year 1974 and that William was entitled to judgment in the sum of $5,287.00, which was one-half of the proceeds from the sale of Bureau of Land Management Grazing Permits, which were an asset of the partnership, and also directed that two cashier's checks be cashed and the proceeds equally divided. In addition thereto, the court found that the Harris partnership was the owner of various items of personal property as hereinafter set forth with a value as set out after each item:

| | |
|---|---|
| Bucks | $ 135.00 |
| Disc | 1,651.00 |
| Bucks | 467.00 |
| Bucks | 360.00 |
| Loader | 325.00 |
| Truck | 3,780.00 |
| Drill | 3,000.00 |
| Elevator | 528.00 |
| Truck | 6,000.00 |
| Plow | 923.00 |
| Baler | 2,170.00 |
| Tractor | 5,340.00 |
| Typewriter | 203.00 |
| Tiller | 2,070.00 |
| Plow | 481.00 |

The court decisions also contained the following provisions:

"Par. 6. All monies contained in the James H. Harris bank accounts as testified to by Genave H. Tanner, including those funds transferred by her before the death of James H. Harris, shall be accounted for by the Co-Executrixes in the probate estate.

"Par. 7. That the claims of the Estate of James Henry Harris, deceased, against William B. Harris and the claims of William B. Harris against the Estate of James H. Harris for an accounting for income received from the farming and sheep business conducted by the partnership through the years 1972 to 1974, inclusive, are dismissed, as the income tax returns show that the partners had approximately equal receipts.

"Par. 8. Only one-half of the assets that came out of the Harris-Fidler partnership and one-half of the assets of the James Henry Harris and William B. Harris partnership are assets of the estate of James Henry Harris, deceased, and are subject to probate, and none of the interest of William B. Harris in such partnership assets are subject to the obligations or expenses of said estate."

All claims and counterclaims for money damages claimed by the parties and claims for attorney's fees were dismissed. No appeal was taken from the decision of the court.

On July 20, 1978, William B. Harris moved the court for an order requiring the personal representatives of the James H. Harris Estate to make an accounting of all property of the Harris partnership in their possession, all property sold or otherwise disposed of, the money on deposit in certain designated bank accounts and of any withdrawal therefrom.

After two days of trial on the plaintiff's motions the court, The Honorable David K. Winder presiding, found that various items of partnership property and the value thereof were in the possession of William B. Harris and that certain other items of partnership property were in the possession of the personal representatives of the estate of James H. Harris and that such property had a certain monetary value. The court ordered William to pay the amount which the property in his possession exceeded the value of that in possession of the personal representatives.

The court found that the claims of William B. Harris against the Estate of James H. Harris had been fully adjudicated in this proceeding and the prior proceeding before the Honorable Bryant H. Croft.

The court concluded that the partnership affairs should be wound up and terminated, and its assets distributed as above indicated. The parties presented the evidence respecting their respective claims, or at least they were afforded an opportunity to do so.

Judge Croft as a part of the decision handed down after the first trial ruled that "one-half of the assets that came out of the Harris-Fidler partnership to the Harrises belonged to William and one-half belonged to the estate of James and that James, by terminating his partnership with William after 1971, could not thereby take from William and deny to him his one-half interest in the partnership property or the proceeds therefrom.

Further, Judge Croft ruled that "only James' interest in the partnership assets would be subject to probate and liable for the debts and obligations of the estate being probated." None of William's interest in those partnership assets would be subject to estate expenses.

The question of William's right, if any, to share under the will of James, was reserved for future proceedings in or pertaining to the matter of the estate of James H. Harris, deceased.

Judge Croft also ruled that "All moneys contained in James' bank accounts as testified to by Genave, including those funds transferred by her before James' death are to be accounted for the the Co-Executrices in the probate estate."

The findings, conclusions and judgment by Judge Croft, having become final prior to the second trial, could not be altered or modified by the later judgment entered by

Judge Winder at the second trial nor does it appear that modification was made or intended.

The judgment of the District Court is affirmed with the proviso that the plaintiff is not proscribed from proceeding in the estate matter or in a proceeding adverse thereto to recover his share of any partnership property which might have been comingled with the estate assets. Under the decisions in this case the personal representatives are obligated to render an accounting.

No costs awarded.

STEWART and CROCKETT,* JJ., concur.

HALL, J., does not participate herein.

WILKINS, J., heard the arguments but resigned before the opinion was filed.

MAUGHAN, C. J., does not participate herein, TUCKETT, retired Justice, sat.